**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.D.**

**No. 20-0753** (Barbour County 20-CIG-1)

**MEMORANDUM DECISION**

Self-represented petitioner C.D. appeals the September 1, 2020, order of the Circuit Court of Barbour County dismissing her petition to be guardian of K.D., a minor child and petitioner's granddaughter.[1] Respondent West Virginia Department of Health and Human Resources ("DHHR") did not file a response.[2]

The Court has considered petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, petitioner's brief, and the record

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Due to the inadequacy of petitioner's appendix, it is unclear whether the DHHR had notice of the filing of petitioner's petition to be appointed K.D.'s guardian in the circuit court. For example, the circuit court's September 1, 2020, dismissal order directed that a certified copy of the order be sent only to petitioner. On appeal, this Court's December 30, 2020, scheduling order directed that a response be filed on or before March 29, 2021. On February 26, 2021, the DHHR, by counsel Lee A. Niezgoda, filed a notice of appearance; however, no response was filed by the March 29, 2021, deadline. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, we will assume that the respondent agrees with petitioner's view of the issue. Nevertheless, we decline to rule in petitioner's favor simply because the DHHR failed to file a response. *See* Syl. Pt. 8, *State v. Julius*, 185 W. Va. 422, 408 S.E.2d 1 (1991) (holding that we will accept a party's concession only after a proper analysis shows that it is correct).

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The record of the underlying proceedings submitted by petitioner is sparse and consists primarily of petitioner's email correspondence with various DHHR and judicial branch officials about the DHHR's denial of petitioner's requests for visitation with her granddaughter, K.D., during the child abuse and neglect proceeding involving K.D.[3] The appellate record also contains the circuit court's September 1, 2020, order dismissing petitioner's petition to be appointed as K.D.'s guardian.[4] We take judicial notice of the appellate records in *In re K.D.* ("*K.D. I*"), No. 16-0913, 2017 WL 1102802 (W. Va. Mar. 24, 2017) (memorandum decision), in which this Court affirmed the termination of the parental rights of K.D.'s father, and *In re K.D.* ("*K.D. II*"), No. 17-0927, 2018 WL 1251843 (W. Va. Mar. 12, 2018) (memorandum decision), in which this Court affirmed the termination of the parental rights of K.D.'s mother, petitioner's daughter J.D.

From the appellate records in *K.D. I* and *K.D. II*, we glean the following: When the DHHR first removed K.D. from J.D.'s custody in August of 2015, the DHHR placed K.D. with petitioner as a kinship placement. However, at a December 17, 2015, review hearing in the child abuse and neglect proceeding, the DHHR anticipated removing K.D. from her placement with petitioner due to a 1995 criminal conviction appearing on petitioner's criminal record check, which "relat[ed] to injuries to a one[-]year[-]old child that was in her home." The circuit court noted that petitioner entered a guilty plea in her criminal case "because she was told that was in her best interest." By the time of a January 21, 2016, adjudicatory hearing, K.D. had been removed from petitioner's home and placed in foster care.

In *K.D. II*, J.D. stipulated that she failed to provide for K.D.'s proper care, due to drug abuse, and testified that she had moved to Virginia to live with petitioner. 2018 WL 1251843, at *1-2. The circuit court found that "services could not be properly monitored in Virginia and, due to [J.D.]'s failure to comply with services while she lived in West Virginia, she was unlikely to comply with services while living in Virginia." *Id.* at *2. The April 12, 2017, order terminating J.D.'s parental rights, which was affirmed by this Court in *K.D. II*, makes no provision for post-termination visitation with either J. D. or petitioner, and the appellate record from *K.D. II* reveals no such motion in those proceedings. The permanency plan for K.D. was adoption by her foster family. *See id.* at *2 n.3.

---

[3]Petitioner's daughter, J.D., had three other children in addition to K.D. However, for simplicity, we will refer solely to K.D. because petitioner sought to be the guardian of only K.D.

[4]We disregard the alleged case plan petitioner claims to have from the child abuse and neglect proceeding involving K.D. due to petitioner's acknowledgement that the DHHR disputes the document's authenticity.

On June 24, 2020, petitioner filed a petition to be appointed K.D.'s guardian. By order entered on September 1, 2020, the circuit dismissed the petition, finding that it constituted "an improper collateral attack" upon the abuse and neglect proceeding in *K.D. II.*

Petitioner now appeals the circuit court's September 1, 2020, order. We review the circuit court's dismissal of petitioner's guardianship petition for an abuse of discretion. *In re Richard P.*, 227 W. Va. 285, 290, 708 S.E.2d 479, 484 (2010). Rule 15 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings generally provides, in pertinent part:

> The effect of entry of an order of termination of parental rights shall be . . . to prohibit all contact and visitation between the child who is the subject of the petition and the parent who is the subject of the order *and the respective grandparents*, unless the Court finds . . . it is in the best interest of the child to retain a right of visitation.

(emphasis added) (footnote omitted).

On appeal, petitioner acknowledges the circuit court's ruling that the petition to be appointed K.D.'s guardian was an impermissible collateral attack upon the abuse and neglect proceeding in *K.D. II*, but fails to argue that the ruling was erroneous. Rather, petitioner argues that she provided K.D. with ample care prior to the child's removal from her kinship placement with petitioner due to the discovery of petitioner's criminal conviction involving injuries to a minor child. Petitioner further argues that her conviction resulted from an ignorance of the law because she "was instructed to plead guilty in order for her children to come home." Notwithstanding petitioner's arguments, pursuant to Rule 15, we find that the circuit court did not err in dismissing petitioner's petition for guardianship of K.D.

For the foregoing reasons, we affirm the circuit court's September 1, 2020, order dismissing petitioner's guardianship petition.

Affirmed.

**ISSUED:** August 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

3